# In the United States District Court
# for the Southern District of Georgia
# Statesboro Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | |
| JOHNNIE LEE BROWN, JR. | 6:18-cr-0001 |
| a/k/a "J5" | |

### Order Denying Defendant's Motion in Limine

Before the Court is Defendant's Motion in Limine to Exclude Potential 404(b) Evidence. Dkt. No. 72. For the reasons explained below, Defendant's Motion is **DENIED.**

#### BACKGROUND

On February 7, 2018, a grand jury returned an indictment against Johnnie Lee Brown, Jr., a/k/a "J5", for three charges of Distribution of a Controlled Substance in violation of 21 U.S.C. § 841(a)(1) and one charge of Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C. § 922(g)(1). Defendant has retained three different attorneys since that time. The government maintains that it provided Defendant's first attorney with discovery materials at arraignment. Furthermore, the government asserts that it provided

1

discovery to Defendant's second attorney, Stephanie Burgess, on September 24, 2018, and to Defendant's current counsel, A.J. Balbo on or about February 7, 2019.

On February 28, 2019, Defendant filed a Motion in Limine asserting that he believed that the government intended to introduce prior uncharged offenses allegedly committed by the Plaintiff and asking the Court to bar admission of such evidence for the government's failure to notify under Local Rule 16.2 and because the probative value of the evidence is substantially outweighed by the risk of unfair prejudice. The government responded on March 1, 2019, arguing that it intends to introduce testimony of two confidential informants. The government further contends that discussion of Defendant's prior uncharged offenses is necessary to build the foundation for the informants' relationship with Defendant and how they came to cooperate with law enforcement in this case. Defendant admits that he did not specifically request disclosure of potential 404(b) evidence until filing his motion on February 28, 2019. The government admits that it did not file a notice of an intent to rely on other crimes evidence under Rule 404(b) or Local Rule 16.2. However, the government states that the discovery it provided to Defendant's first attorney at arraignment included

information that would have been included in any Rule 404(b)notice.

## DISCUSSION

### I. The Evidence of Prior Uncharged Offenses is Admissible

To begin, the Court determines that the evidence at issue before the Court in Defendant's Motion in Limine is admissible as evidence inextricably intertwined with the charged offenses in this case. The Eleventh Circuit has explained that "evidence of [prior uncharged] criminal conduct falls outside the scope of Rule 404(b), and thus is independently admissible, if it is '(1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense[s], (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense[s].'" United States v. Ford, 784 F.3d 1386, 1393 (11th Cir. 2015). Here, the evidence at issue meets this definition. The government represents that it intends to use Defendant's prior uncharged offenses to contextualize its confidential informants' relationships with Defendant and how the informants came to work with law enforcement to conduct controlled buys with Defendant—which ultimately lead to the charged offenses in this case. As such, the evidence is

3

inextricably intertwined with the evidence of the confidential informants' controlled buys leading to the charges against Defendant in this case. Moreover, for this same reason, the discussion of the prior uncharged offenses is necessary to complete the story of the crimes charged in this case. Thus, the evidence is admissible under this rule.

Even if the evidence were not admissible as inextricably intertwined with the charged offenses, it would still be admissible under Rule 404(b) as it shows, at minimum, identity and intent. While Rule 404(b) forbids introducing prior uncharged acts as character evidence against a defendant, evidence of uncharged conduct is admissible, however, "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Here, the evidence of Defendant's prior uncharged conduct could be introduced to show why and how the confidential informants can identify him as the person who distributed drugs in the charged offenses or to show that he intended to distribute the drugs in the charged offenses. Thus, whether as inextricably intertwined evidence or 404(b) evidence, Defendant's prior uncharged conduct is admissible.

**II. The Probative Value of the Evidence at Issue Outweighs any Unfair Prejudice under Rule 403**

Under both the inextricably intertwined and 404(b) evidence rules, the Court must still conduct a 403 balancing inquiry to determine if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. See Ford, 784 F.3d 1386, 1393 ("Whether offered under Rule 404(b) or as intrinsic evidence, the district court must find that the probative value of the proffered evidence is not substantially outweighed by unfair prejudice . . . ."). Here, the probative value of allowing the government to build the foundation of the confidential informants' testimonies by testifying about Defendant's prior uncharged offenses is not substantially outweighed by a danger of unfair prejudice. First, the Court has given a cautionary instruction directing that the jury members must not consider the evidence of prior uncharged conduct to decide if Defendant engaged in the activity alleged in the indictment; rather it could only use that evidence toward the factors of Defendant's intent and his identity. Second, Defendant has not articulated why this evidence reaches the threshold of being unfairly prejudicial such that it "substantially outweighs" the probative value. All evidence used by the government is necessarily prejudicial to Defendant, but they still must prove beyond a reasonable doubt that Defendant committed the specific crimes charged in

the indictment.  While the discussion of prior uncharged offenses may be prejudicial to Defendant in that it will allow the government to lay the foundation for its witnesses and possibly show his identity or intent, such prejudice cannot be characterized as being unfair or substantially outweighing the probative value of this relevant evidence.

### III. Notice Under LR 16.2

Because the Court finds the evidence at issue here to be admissible as well as not unfairly prejudicial under Rule 403, the only remaining issue is the notice requirement of Local Rule 16.2.  Local Rule 16.2 states that

> As soon as practicable after the defendant's arraignment, and in any event no more than twenty (20) days after the arraignment (unless the Court directs otherwise), the United States Attorney shall serve upon counsel for the defendant a written notice of any direct or circumstantial evidence of other crimes, wrongs, or acts of the defendant, or specific instances of conduct or criminal convictions of the defendant, which the Government intends to offer into evidence through either Fed. R. Evid. 404(b) or under the theory that the evidence is so inextricably intertwined with defendant's charged offense that it should be admissible.

LR. 16.2.  The government admits that it did not file a formal notice of an intent to introduce uncharged conduct either as inextricably intertwined evidence or 404(b) evidence.  Nevertheless, the Court has discretion under Local Rule 16.2 to waive or excuse the notice requirement.  See United States v. Ervin, 601 F. App'x 793, 797 (11th Cir.

2015) (explaining that LR 16.2 gives the Court discretion to waive the requirement).

Here, the Court decides that the government's failure to file a formal notice under Local Rule 16.2 should not bar admission of Defendant's prior uncharged conduct because the Court finds that the lack of formal notice under the Local Rule did not prejudice Defendant.  First, the government asserts that Defendant has been aware of these witnesses since the initial discovery given to his first attorney at arraignment.  Defendant has not disputed this claim.  Thus, while Defendant may have retained a new attorney a few weeks before trial, Defendant himself knew through discovery about the confidential informants that the government plans to call.  See Ervin, 601 F. App'x at 797 (affirming district court's waiver of LR 16.2's notice requirement where the defendant "had actual notice of the evidence within the time period provided by Local Rule 16.2 and was not prejudiced by receiving the formal notice two weeks before trial"). Moreover, Defendant and his present counsel had at least several days to prepare for trial in light of the confidential informants' most recent interviews with the government because the government provided summaries of those interviews to Defendant on February 27, 2019.  Second, under Rule 404(b), Defendant concedes that he did not request a

7

notification under the Rule for the government's intent to introduce uncharged conduct evidence.  Therefore, because Defendant was not prejudiced as he was not surprised by the evidence the government intends to present since he has known about these witnesses since the government's initial discovery disclosure at arraignment and because the notice requirement of Rule 404(b) was not violated, the Court holds that the technical violation of Local Rule 16.2 should not bar this evidence in this case.

## CONCLUSION

For these reasons, Defendant's Motion in Limine is **DENIED**.

**SO ORDERED**, this 5th day of March, 2019.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA